Case 12-19182   Filed 02/20/13   Doc 36

FILED

FEB 20 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Alan H. Ross and
Nadine MH Deutsch,

    Debtors.

Case Number 12-19182-B-13

DC No. RSW-4

**MEMORANDUM REGARDING EX PARTE APPLICATION TO VACATE CHAPTER 7 DISCHARGE**

    The court has received a pleading and proposed order entitled "Ex Parte Application to Vacate Chapter 7 Discharge, and Order" submitted by Robert S. Williams, Esq., attorney for the Debtors (the "Ex Parte Application"). The court has stricken the "Order" portion of the Ex Parte Application and directed that the remainder of the Ex Parte Application be filed even date herewith.

    This bankruptcy case was filed under chapter 7 on October 31, 2012. The meeting of creditors was set on November 30, 2012. The Debtors were represented by Keefe E. Roberts, Esq., at the initial filing of the bankruptcy. Robert S. Williams, Esq., substituted in as the attorney for the Debtors on January 18, 2013. On January 22, 2013, the court denied the Debtors' ex parte application to convert the chapter 7 case to chapter 13. The last day for the filing of an objection to discharge was January 29, 2013. There were no objections or motions to dismiss filed. The Debtors paid their filing fees and filed their Financial Management Course Certificates and were otherwise eligible for a chapter 7 discharge, and the discharge was entered on February 4, 2013. On February 11,

2013, the court approved the Debtors' second request to convert the case to chapter 13 after the Debtors obtained a stipulation from the chapter 7 trustee.

The Debtors are asking in the Ex Parte Application that the chapter 7 discharge be vacated so they can proceed through chapter 13 and ultimately obtain the benefits of a chapter 13 discharge. Unless the court vacates the chapter 7 discharge, the Debtors will not be eligible for a chapter 13 discharge pursuant to 11 U.S.C. § 1328(f)(1). The Debtors did not file a motion to defer the entry of their chapter 7 discharge pursuant to FRBP 4004(c)(2).[1] Had they done so, that would have prevented the discharge from being entered.

Entry of the chapter 7 discharge is both mandatory and automatic. Pursuant to FRBP 4004(c)(1), the chapter 7 discharge shall be entered, absent conditions not present here, after the expiration of the time fixed for filing an objection to discharge or a motion to dismiss.[2] In the Eastern District of California, the discharge order in most chapter 7 cases is entered by the clerk of the court; it is done automatically through the court's electronic case management system. The chapter 7 discharge is not processed through or reviewed by chambers.

Unlike the chapter 7 discharge, the request to convert a case from chapter 7 to chapter 13 is neither automatic nor self-executing. Conversion from chapter 7 to chapter 13 requires court review and approval. Before a case can be converted from chapter 7 to chapter 13, the court must be satisfied that the debtors are acting in good faith. *Marrama v. Citizens Bank*, 127 S.Ct. 1105 (2007). Sometimes that determination can be made from a review of the record. Sometimes that determination requires a noticed motion. In any event, the process of converting a

---

[1] Rule 4004(c)(2) provides: Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain.

[2] Rule 4004(c)(1) sets forth twelve events that will suspend the court's obligation to enter the chapter 7 discharge. The filing of a motion to convert the case to chapter 13 is not one of those conditions.

case from chapter 7 to chapter 13, especially late in the case, could easily overlap the entry of discharge, as it did here, and a debtor who desires to convert his or her case should closely monitor the relevant dates.

The revocation of a discharge in chapter 7 is governed by 11 U.S.C. § 727(d). Once the chapter 7 discharge has been entered, the debtor does not have standing to request its revocation. *Markovich v. Samson (In re Markovich)*, 207 B.R. 909, 911-12 (9th Cir. BAP 1997). There is no authority in the Bankruptcy Code for the debtor to request the revocation of his discharge. *Id.* Further, the bankruptcy court does not have the inherent equitable power to revoke a properly entered chapter 7 discharge. *Id.* at 913.

Under appropriate circumstances, the bankruptcy court may vacate the discharge order altogether (as opposed to revoke its entry), under FRBP 9024 & FRCP 60(b) upon a showing that the order was entered as a result of clerical error or mistake. *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466-67 (9th Cir. 1993). However, the record here does not show that the discharge was entered in error. The court certainly understands the problem which this ruling may present for the Debtors. The pre-existing chapter 7 discharge will preclude them from obtaining a chapter 13 discharge in the converted case. However, the Bankruptcy Rules provide a simple procedure under Rule 4004(c)(2) to delay the entry of a discharge which might be prejudicial. The Debtors should have requested that relief when they first decided to be in chapter 13 and requested conversion of the case. Based thereon, the Ex Parte Motion will be DENIED.

Dated: February 20, 2013

W. Richard Lee
United States Bankruptcy Judge

Alan H. Ross & Nadine MH Deutsch, Case No. 12-19182-B-13/DC No. RSW-4

Alan H. Ross
Nadine MH Deutsch
P.O. Box 6146
Pine Mountain Club, CA 93222

Robert S. Williams, Esq.
Attorney at Law
1300 18th St., #B
Bakersfield, CA 93301

Michael H. Meyer, Esq.
Chapter 13 Trustee
P.O. Box 28950
Fresno, CA 93729-8950

Office of the U.S. Trustee
United States Courthouse
2500 Tulare St., Ste. 1401
Fresno, CA 93721